AO 91 (Rev. 08/09) Criminal Complaint

**FILED**

**SEP 1 5 2015**

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>ANTHONY CONNER,<br><br>Defendant(s) | Case No. 4-15-71201<br><br>OAKLAND VENUE<br>UNDER SEAL<br>MAG |




## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___SEPTEMBER 4, 2015___ in the county of ___Alameda___ in the ___Northern___ District of ___California___, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm<br><br>Maximum Penalties: 10 years prison<br>$250,000 fine<br>3 years supervised release<br>$100 mandatory special assessment<br>Forfeiture |

This criminal complaint is based on these facts:

See attached AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

☑ Continued on the attached sheet.

APPROVED AS TO FORM:
*BSmartin*
AUSA BRIGID S. MARTIN

_____
*Complainant's signature*

Russell G. Johnson, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/15/15

_____
*Judge's signature*

City and state: Oakland, California

Hon. Kandis A. Westmore
*Printed name and title*



# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Russell Johnson, being duly sworn, hereby declare and state:

## I. INTRODUCTION

1. I am a Special Agent (SA) with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since November 13, 2005. I am presently assigned to the ATF Oxford Field Office in Oxford, Mississippi, and working on assignment in Oakland, California, and surrounding area. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

2. As an ATF Special Agent, I have participated in federal investigations involving the illegal possession of firearms as well as other federal firearms violations. During these investigations, I have participated in various types of investigative techniques, to include electronic surveillance, undercover agents and informants, and controlled purchases of firearms and narcotics from suspects. I have participated in physical surveillance operations and have participated in the execution of federal arrest and search warrants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, as well as reviewing previous case files.

## II. PURPOSE OF THE AFFIDAVIT

1

3. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging Anthony CONNER, also known as "Scoop," with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the arrest of CONNER, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only those facts that I believe are necessary to support the lawful arrest of CONNER, for the violation of federal law set forth herein. The statements contained in this affidavit are based on information provided to me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

## III. PROBABLE CAUSE

### A. September 4, 2015 Firearm Purchase from CONNER

5. In early August 2015, a confidential informant (CI)[1] working for the ATF met CONNER and CONNER stated he could sell the CI firearms. On September 3, 2015, the CI met with CONNER and CONNER stated he had a firearm he wished to sell. The CI informed CONNER that he/she had an associate who would purchase the firearm and informed CONNER he/she would send his/her associate to CONNER's residence on September 4, 2015, to purchase the firearm, to which CONNER agreed. The CI provided CONNER's telephone number (510-200-2453) to an ATF Undercover Special Agent (UC). On September 3, 2015, the UC called CONNER and informed him that the CI had provided the UC his phone number. The UC asked CONNER if he could purchase the firearm the following day. CONNER stated he would have the firearm in his possession at 10:00 a.m. on September 4, 2015. CONNER stated he had

---

[1] CI is a paid informant with multiple felony convictions. CI is on unsupervised probation following CI's most recent felony conviction in 2014.

2

originally told the CI the firearm would cost $1,050; however he would sell it to the UC for $1,000.

6. On September 4, 2015, the UC and a second UC met CONNER in Oakland, California, to buy the firearm from CONNER. When CONNER arrived at the predetermined location to sell the gun to the UC, CONNER told the UCs that he was waiting for two people who had firearms for sale. While waiting for the firearm to be delivered, CONNER informed the UCs that he had a line on firearms and that he acquires firearms in West Oakland because the prices are cheaper. CONNER told the UCs that one of the individual's he called was his cousin and the cousin had a silver and black Beretta for sale.

7. After waiting several minutes, a gold Saturn pulled in behind the UCs' vehicle (UCV). CONNER went to the driver side window of the Saturn and could be seen lifting his shirt and tucking an object into his pants. CONNER then returned to the UCV. CONNER entered the rear passenger seat of the UCV and handed the UC a Taurus, model Millennium, 9mm pistol, s/n TZA74909. The UC asked CONNER how much his cousin wanted for the firearm, to which CONNER replied $850. The UC asked CONNER if he would take $800, and CONNER agreed. The UC counted out $800 in pre-recorded ATF funds and handed them to CONNER. As the UCs were leaving, CONNER told the UCs that his cousin also had a "9 Beretta" that fired under water and a "Mossberg 8 shot pump." The UC told CONNER he would purchase those firearms the following week.

  **B.**   **Interstate Nexus**

8. After the purchase of the firearm from CONNER, a Nexus examination was conducted on the firearm to ascertain its origin. At the conclusion of the Nexus examination it was

determined that the above-mentioned firearm was not manufactured in the state of California, and therefore the firearm had traveled in and affected interstate or foreign commerce.

### C. Prior Felony Conviction

9. According to CONNER's criminal history report, on or about January 6, 2009, he was convicted of California Penal Code, § 459, burglary, a felony crime punishable by a term of imprisonment exceeding one year.

## IV. CONCLUSION

10. Based on the facts and information detailed in the affidavit, I believe probable cause exists that Anthony CONNER possessed a firearm in violation of 18 U.S.C. § 922(g)(1) when he possessed the Taurus firearm which had previously been transported in interstate or foreign commerce, after CONNER had been convicted of a crime punishable by imprisonment for a term exceeding one year. As such, I respectfully request a warrant for his arrest.

Under penalty of perjury, I swear that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____
Russell Johnson, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

SWORN BEFORE ME
ON __9/15__, 2015.

_____
HONORABLE KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

4